IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



**HERMAN LEE HAYES,**

Plaintiff,

v.  Civil Action No. **3:08CV712**

**THOMAS J. MURCH,**

Defendant.

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate, brings this civil action. On January 27, 2010, Defendant filed a motion for summary judgment, to which Plaintiff has responded. Upon review of the parties' submissions, it appeared that Plaintiff had alleged facts which, if true, would invalidate his conviction in the Circuit Court for the City of Virginia Beach for assault and battery of Defendant. *Commonwealth v. Hayes*, No. CR08000176-00 (Va. Cir. Ct. September 9, 2008). Plaintiff may not pursue such a claim in federal court unless his conviction has been overturned. *See, e.g., Harvey v. Horan*, 278 F.3d 370, 374-75 (4th Cir. 2002) (explaining that convicted criminal defendant who brings a civil suit which, if successful, would "'necessarily imply the invalidity of his conviction or sentence'" fails to state a claim unless he shows that "his 'conviction or sentence has already been invalidated'" (quoting *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)). Accordingly, on June 16, 2010, Plaintiff was ordered to show cause for not dismissing this action as barred by *Heck* and its progeny. Plaintiff has responded to the Court's June 16, 2010 Order. This matter is ripe for disposition.

# I. STANDARD OF REVIEW

In *Heck v. Humphrey*, the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. at 486-87 (internal footnote omitted). The Supreme Court then required that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. The Supreme Court summarized that *Heck* and the related cases teach that:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation)-no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)- *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

# II. ANALYSIS

Plaintiff alleges that, when Defendant Murch was moving Plaintiff to his new housing assignment, Defendant Murch "savagely punched" him in the face repeatedly, struck Plaintiff with his knee, and injured Plaintiff's left thumb by bending it backwards. (Compl. 4.) In his affidavit in support of his motion for summary judgment, Defendant avers that Plaintiff refused to return to his housing unit. When Defendant approached, Plaintiff threw a punch, striking Defendant in his face. Plaintiff also kicked Defendant in his shin as he was being escorted to his

2

unit. (Deft.'s Mot. Summ J. ¶¶ 3-8.) As a result of this incident, Plaintiff was convicted by a jury of felony assault and sentenced to a five-year term of incarceration. (Deft.'s Mot. Summ J. ¶ 9.) In his response to Defendant's motion for summary judgment, Plaintiff averred that he never struck Defendant. (Pl.'s Resp. ¶15.)

Plaintiff's allegations clearly undermine the factual basis of his conviction for committing felony assault on Defendant. In his response to the Court's June 16, 2010 Memorandum Order, Plaintiff explains that he already planned to file a lawsuit before his conviction, and that his "conviction had nothing to do with [him] filing this complaint." (Pl.'s Resp. June 16, 2010 Mem. Order 1.) Plaintiff offers no authority to show that this exempts him from the rule in *Heck*, and research reveals none. Moreover, Plaintiff does not contend that his conviction has been overturned or otherwise invalidated. This action is therefore barred. Plaintiff's claim will be DISMISSED. This action will be DISMISSED. Defendant's motion for summary judgment will be DENIED AS MOOT.

An appropriate Order shall issue.

/s/
Richard L. Williams
United States District Judge

Richmond, Virginia
Date: AUG 1 7 2010

3

/s/

Richard L. Williams
United States District Judge